IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 18-00026-KD-B |
| | ) |
| JOHN SPINNER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant John Spinner's "Emergency Motion for Sentence Reduction pursuant to Release 2582(c)(1)(A)" (doc. 83), the United States' response (doc. 87), Spinner's reply and letter in support (docs. 88, 89), and Spinner's letter with medical records (doc. 90).  Upon consideration, and for the reasons set forth herein, the motion for compassionate release is dismissed without prejudice.

I. Background

In February 2018, Spinner and his sister Valeria Brown were indicted for the offenses of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count 1) and discharging a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2) (doc.1).  Spinner pled guilty to both counts (doc. 36).  On August 3, 2018, Spinner was sentenced to a term of 1 day as to Count 1 and 120 months, consecutive, as to Count 2, for a total term of 120 months and 1 day. Spinner is presently incarcerated at the Federal Medical Center in Springfield, Missouri.  His estimated release date is September 9, 2026.

According to the factual resume, Spinner admitted to the following offense conduct:

> On October 10, 2016, at 0000 hours, two black males entered the Walmart, located at 2500 Dawes Road, Mobile, Alabama, armed with handguns. The two suspects held victims at gunpoint at the self-checkout register and took the deposit bags. The two suspects then took the cash cart that was currently being

> used to collect deposits from the registers. The two suspects wheeled out the cart containing the deposits and fled in a red Ford pickup truck.
>
> Prior to the two suspects entering the Walmart, the defendants, Valeria Brown and John Spinner, entered the Walmart. The plan for the robbery was that Valeria Brown and John Spinner, who were, in fact, brother and sister, were to pose as a couple with an infant child who were simply customers in the Walmart store. While they were inside, Valeria Brown communicated to the two armed suspects via cell phone when it was clear for them to enter the Walmart and commence with the robbery. Once Valeria Brown gave the all clear to the two suspects, Valeria Brown and John Spinner left the store and waited outside for their two conspirators to complete the robbery.
>
> Valeria Brown and John Spinner waited in a white 1997 Nissan Altima . . . When the two armed suspects fled from the Walmart, they entered a red Ford pick-up truck. The two armed suspects then fled from the Walmart in the vehicle. John Spinner, while traveling in the white Nissan Altima with Valeria Brown, armed with a black .45 caliber semi-automatic pistol, noticed a car that John Spinner believed was following the other conspirators of the robbery. John Spinner discharged a firearm in an attempt to cause [a] possible witness to stop following the red Ford pickup truck with the two armed suspects.

(Doc. 36).

The Presentence Investigative Report indicates that Spinner had high blood pressure and kidney disease at the time of the offense. Spinner reported that his "kidneys failed in 2015, and that he has a scar on his left forearm from dialysis received at Springhill Medical Center in Mobile." (doc. 53, p. 9). Spinner also reported he was "placed on disability in 2015 due to his kidney disease". (Id.)  The PSIR also includes the following: "Springhill Medical Center records indicate that on February 11, 2018, the defendant was diagnosed with 'chronic kidney disease stage 5, progressing to end-stage renal disease, on hemodialysis'" (Id.).

Spinner provided a copy of his recent medical records. He is diagnosed with the following: Anemia, secondary hyperparathyrodism, essential (primary) hypertension, constipation, chronic kidney disease and dependence on renal dialysis (doc. 90, p. 4). Spinner

receives three medications related to his dialysis. On Monday, he receives injections of Darbepoetin Alfa and Doxercalciferol, on Wednesday, he receives injections of Ferric Gluconate and Doxercalciferol, and on Friday, he receives an injection of Doxercalciferol. (Id., p. 7). He also takes Furosemide, Lisinopril, Minoxidil, Sevelamer Carbonate, and Vitamin B, C and D, in tablet form, in varying daily dosages. (Id., p. 6-7).

II. Exhaustion

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" upon finding that there are extraordinary and compelling reasons which warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Spinner does not allege that he made a request for compassionate release to the Warden and more than 30 days have lapsed since the Warden received his request or that he has exhausted his administrative remedies (doc. 83, motion; doc. 89, reply). The United States reports that as of May 1, 2020, the Bureau of Prisons had not received a request from Spinner (doc. 87, p. 5). The United States argues that the Court lacks jurisdiction to consider the motion, or in the alternative, the exhaustion requirement is a claims-processing rule that should be applied when raised by the opponent (doc. 87, p. 5-7).

Since Spinner failed to comply with either of the two statutory requirements, the Court finds that he has not met the necessary prerequisites for consideration of his motion. Accordingly, Spinner's motion is dismissed without prejudice for lack of jurisdiction.

**DONE** and **ORDERED** this 4th day of August 2020.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**