IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 1:18-00026-KD-B-2 |
| ) | Civil Action No. 1:19-cv-00577-KD-B |
| JOHN SPINNER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant John Spinner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 70), his memorandum in support (Doc. 74), the United States' Response (Doc. 80)[1]. Also before the Court is the United States' brief in response to an Order from this Court for clarification. (Doc. 107). Also before the Court is Spinner's motion for appointment of counsel. (Doc. 132). After lengthy consideration, the Court finds Spinner is due relief from his conviction of the Section 924(c) charge (Count Two).

**I.    Claims**

In 2018, Defendant John Spinner (Spinner) pled guilty to a violation of 18 U.S.C. § 1951(a) (Count One) and to using and carrying a firearm during and in relation to that crime in violation of 18 U.S.C. § 924 (Count Two). (Doc. 36 at 16 (plea agreement)). He was sentenced to a total term of 120 months and one day, consisting of one day as to Count One and a mandatory 120 months as to Count Two, said terms to run consecutively. (Doc. 64 at 2).

---

[1] Spinner also filed a letter stating the United States was ordered to respond to his Section 2255 motion by November 6, 2019 but as of November 25, 2019, he had not received their response. (Doc. 81). The United States' response was docketed November 6, 2019 so this concern is moot.

On August 19, 2019,[2] Spinner timely moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 70). Liberally construed, Spinner claims: 1) factual innocence (which the Court construes as an asserted basis for overcoming procedural default); 2) ineffective assistance of counsel based on counsel's advice that he was guilty of the Section 924(c) charge because he was guilty of the predicate Hobbs Act violation; 3) his "conduct as a decoy" is insufficient to establish a Hobbs Act violation; and 4) the evidence was insufficient to establish a Hobbs Act violation because an eyewitness of the crimes identification of Spinner was unreliable. (Doc. 74 at 1-2). Spinner also cites United States v. Davis, 139 S.Ct. 2319 (2019) (concluding that Section 924(c)(3)(B), the residual clause, is unconstitutionally vague), contending conspiracy is not a valid predicate crime of violence. (Doc. 74 at 2).

## II.     Legal Standard

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. "Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack." Eddie Lee Battles v. United States, 2020 WL 5407682, *3 (M.D. Fla. Sept. 9, 2020) (citing United States v. Addonizio, 442 U.S. 178, 184-86 (1979)). The movant, not the government, bears the burden to establish that vacatur of the conviction or sentence is required. Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

## III.    Appeal Waiver

---

[2] Although Spinner's pro se Section 2255 motion was filed in the District Court for the Southern District of Alabama August 22, 2019, under the "mailbox rule" it is deemed filed on the date that he delivered it to the prison authorities for mailing—presumably August 19, 2019. See e.g., (Doc. 70 at 12). Jones v. U.S., 304 F.3d 1035, 1038 n. 7 (11th Cir. 2002).

Spinner waived his right to "file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255" as part of his plea agreement. (Doc. 36 at 12-13). Spinner's plea agreement stated he "will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings." (Id. at 13). The plea agreement outlines three exceptions to this general waiver: "(1) any sentence in excess of the statutory maximum; (2) any sentence which constitutes an upward departure or variance from the advisory guideline range" and (3)"the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion." (Id.).

However, a collateral attack waiver is an affirmative defense which must be pled by the United States. Burgess v. United States, 874 F.3d 1292, 1296 (11th Cir. 2017) ("Rule 8(c) governs the pleading of affirmative defenses such as a collateral-action waiver. It requires a party to 'affirmatively state any avoidance or affirmative defense, including ... waiver.'") (citing Fed. R. Civ. P. 8(c)). The United States has failed to plead the affirmative defense of waiver.[3] And "a district court may not invoke a collateral-action waiver in a plea agreement." Burgess, 874 F.3d at 1301.

## IV. Statute of Limitations

Spinner had one year from the date his conviction became final to seek collateral relief of his conviction under Section 2255. 28 U.S.C. §2255(f). "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). "As relevant, a criminal defendant has 14 days to file a notice of appeal after either the entry of the judgment or order being appeal[ed]." Ventura v. United States, 2020 WL 5230943, at *1 (11th Cir. 2020) (citing Fed. R. App. P.

---

[3] The United States only references Spinner's appeal waiver in responding to Spinner's argument that he requested an appeal but his attorney told him he was not eligible. (Doc. 80 at 9). The United States did not affirmatively raise the appeal waiver as a bar to Spinner's motion.

4(b)(1)(A)). "A judgment…is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. See Fed. R. App. P. 26(a)(1).

Spinner did not directly appeal, so his conviction became final 14 days after the entry of judgment, which was on August 9, 2018. Therefore, he had until August 23, 2019 to timely file this motion. Spinner timely filed his petition on August 19, 2019. (Doc. 70 at 12). On September 5, 2019, Spinner filed his memorandum in support of his previously filed Section 2255 motion. (Doc. 74 at 4). So, while Spinner's initial motion satisfied this deadline, his memorandum in support of same does not. As there are no circumstances here that might warrant equitable tolling, the memorandum in support may be considered only to the extent that it relates back to his initial Section 2255 motion.

Untimely claims raised by amendment in a Section 2255 action are barred unless they "relate back" to timely claims previously filed. See Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) ("'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."); and see Farris v. United States, 333 F.3d 1211, 1215-16 (11th Cir. 2003) (applying and following Davenport). Pursuant to Federal Rules of Criminal Procedure Rule 15(c)(2), new claims asserted in an amended Section 2255 motion relate back and are considered timely if they "arose out of the conduct, transaction, or occurrence" set forth in the original Section 2255 motion. Davenport, 217 F.3d at 1344. "[F]or an untimely Section 2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." Id. In particular, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, and not from separate conduct or a separate

4

occurrence in "both time and type." Id.; and see Pruitt v. United States, 274 F.3d 1315, 1319 (11th Cir. 2001) ("The Davenport rule makes it clear that the key factor is whether the amended claims arise from the same underlying facts as the original claims."). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005) (listing as examples where relation back would be appropriate a case in which both original and amended petitions related to evidence obtained at the same time by the same police department, or a case in which original petition challenged admission of recanted statements, while amended petition challenged court's refusal to allow defendant to show that statements had been recanted).

Here, Spinner's memorandum in support of his Section 2255 motion concerns the same claims as set forth in his timely motion. Thus, Spinner's contentions in his memorandum in support clearly relate back to the timely filed Section 2255 motion and are discussed *infra*.

**V.   Procedural Default**

"[A] defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." Granda v. United States, 990 F.3d 1272, 1286 (11th Cir. 2021) (internal citations omitted) (quoting Fordham v. United States, 706 F.3d 1345, 1349 (11th Cir. 2013)). Spinner did not directly appeal his conviction. However, claims based on ineffective assistance of counsel may be "brought in the first instance in a timely motion in the district court under § 2255." Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003).

Spinner's claims not based on ineffective assistance of counsel are procedurally defaulted and cannot succeed on collateral review unless he can either (1) show cause to excuse the default and actual prejudice from the claimed error, or (2) show that he is actually innocent of the conviction. Bousley v. United States, 523 U.S. 614, 622 (1998).

Actual innocence is not a freestanding claim amendable to habeas review. Herrera v. Collins, 506 U.S. 390, 401 (1993) ("Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence."). Therefore, the Court construes Spinner's assertion of actual innocence as an effort to overcome procedural default on his claims that are not rooted in ineffective assistance of counsel.[4] In the context of overcoming a procedural default, "actual innocence" means factual innocence, and "[t]o establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror [would have] convicted him.'" Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

V. **Sufficiency of the Evidence**

At the plea hearing, Spinner admitted to the following facts: On October 10, 2016, two men, armed with handguns, entered a Walmart in Mobile, Alabama. (Doc. 37 at 18). The two men held two suspects at gunpoint and took deposit bags and the cash cart that was being used to collect deposits from the registers. (Id.). Before the two men entered this Walmart, John Spinner and his co-defendant, Valeria Brown, entered the Walmart. (Id.). "The plan for the robbery was that" Spinner and Brown would enter the store posing as a couple with an infant, pretending to be Walmart customers. (Id.). Their role was to communicate "to the two armed suspects via cell phone when it was clear for them to enter the Walmart and commence the robbery." (Id.). Spinner and Brown then waited outside the store, in a 1997 white Nissan Altima, for the two armed men to complete the robbery. (Id. at 19). The two armed suspects fled the Walmart, entered a red Ford

---

[4] In response to the question on the Section 2255 form asking why Spinner did not directly appeal, Spinner states: "I requested for an appeal and my attorney stated I wasn't eligible." (Doc. 70 at 3). Spinner does not present any evidence as to this assertion; he does not bring up this argument in his memorandum in support of his motion either. And see (Doc. 107 (arguing same)). Thus, Spinner has not sustained his burden to show cause based on this assertion.

pickup truck and fled the scene in that vehicle. (Id.). Spinner then noticed a vehicle which he "believed was following the other conspirators of the robbery." (Id.). "Spinner discharged a firearm, in an attempt to cause possible witness to stop following the red Ford pickup truck with the two armed suspects." (Id.).

In claims 3 and 4, Spinner seems to challenge the sufficiency of the evidence as to the Hobbs Act violation (Count One) by claiming his "alleged" actions as a decoy and the unreliable eyewitness identification (presumably of the car) undercut his conviction. (Doc. 70 at 7, 8; Doc. 74 at 1-2). Spinner is procedurally barred from bringing these claims because he did not directly appeal. See Aguero v. United States, 580 Fed.Appx. 748, 751-54 (11th Cir. 2014) (acknowledging the procedural default doctrine applies to sufficiency of the evidence claims); Cox v. United States, 2013 WL 1909429, *3 (N.D. Ala. May 2, 2013) (same). Moreover, Spinner has not shown either cause and actual prejudice or that he is actually innocent of Count One.

Spinner argues in his memorandum in support that his defense counsel "forced him into saying that he was an actual decoy and that he had to say he participated in the robbery at hand," implying that he did not knowingly participate. (Doc. 74 at 1).[5] "There is a strong presumption that statements made during the Rule 11 plea colloquy are true." United States v. Billings, 263 Fed.Appx. 795, 800 (11th Cor. 2009). And see Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("the representations of the defendant…as well as any findings made by the judge in accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.").[6] The Court conducted a thorough Rule 11

---

[5] However, in a letter in support of his motion for relief under the First Step Act, Spinner states "I've made a terrible decision on Oct. 10, 2016." (Doc. 88 at 1).

[6] To the extent Spinner is trying to argue his counsel coerced him to plead guilty, as noted *supra*, there is a strong presumption that the statements made during the plea colloquy are true. During the plea colloquy, Spinner stated he was satisfied with his legal representation and that no one forced him to plead guilty. Moreover, Spinner does not present any evidence to support this assertion other than his conclusory allegation. Therefore, this claim is meritless.

inquiry during which Spinner stated he was satisfied with his legal representation; he confirmed his plea was entered into knowingly and voluntarily. Spinner's admissions, made knowingly and voluntarily in the factual resume and under oath, are sufficient to support his conviction as to the Count One Hobbs Act violation. Moreover, the reliability of an eyewitness has no effect on that conclusion. Thus, Spinner's sufficiency of the evidence claims as to Count One are not only procedurally defaulted, the claims are meritless.

## VI.     Ineffective Assistance of Counsel

Spinner makes a few allegations regarding ineffective assistance of counsel: "whether or not counsel was ineffective in advising Spinner that because he interfered with commerce by robbery he was guilty of discharging a firearm as well" (Doc. 70 at 5); he only pleaded guilty because of counsel's estimated sentencing exposure and understanding of the law (Doc. 74 at 1); and he was coerced into pleading guilty (Doc. 74 at 1).

To succeed on an ineffective assistance of counsel claim, Spinner would have to show:  (1) that counsel rendered a constitutionally deficient performance in his case; and (2) that the performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 689 (1984).

The first claim is incoherent, but the Court construes it as a claim that his counsel was ineffective for advising that the facts supported a guilty plea to the 924(c) charge.  Initially there is ample evidence to support that Spinner fired a gun during the course of the robbery; he admitted as such at the plea hearing and in the factual resume. However, to the extent that counsel advised Spinner that Count 1 (Conspiracy to commit a Hobbs Act violation) supported a 924 (c) conviction, counsel was correct under then binding precedent. See Ovalles v. United States, 861 F.3d 1257, 1268-69 (11th Cir. 2017), *reh'g en banc granted, opinion vacated,* 889 F.3d 1259 (11th Cir. 2018). And see Ovalles v. United States, 905 F.3d 1231, 1253 (11th Cir. 2018) (en banc), *abrogated by* United States v. Davis, 139 S.Ct. 2319 (2019) (finding the residual clause in Section 924(c)(3)(B)

8

was not unconstitutionally vague). This precedent was abrogated by the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019), almost a year after Spinner pled guilty. "[C]ounsel cannot be deemed ineffective for failing to anticipate a change in the law." Bajorski v. U.S., 276 Fed.Appx. 952, 954 (11th Cir. 2008) (citations omitted).

Next, his claim that he was coerced to plead guilty is also without merit. As noted *supra*, there is a strong presumption that statements made during the plea colloquy are true. Spinner was asked during the Rule 11 plea colloquy if anyone forced him into pleading guilty to which he responded, "No ma'am."

Last, as to counsel's sentencing estimation, Spinner does not provide further detail about counsel's estimation nor how it prejudiced him. The record indicates his plea was knowing and voluntary; he told the Court he was not promised anything in return for his plea. During the plea colloquy, the Court explained that this case involved a mandatory minimum sentence; Spinner acknowledged that he understood that. Moreover, the Court asked Spinner if he understood the advisory guidelines in this case. Brown indicated she did. The Court then made clear the guidelines were only advisory and the Court is not required to follow the guidelines. Spinner also indicated he understood that. Spinner thus cannot show either of the necessary prongs to show ineffective assistance of counsel. As alleged, Spinner has not shown ineffective assistance of counsel regarding sentencing estimates. See Cruz v. United States, 188 Fed.Appx. 908, 914 (11th Cir. 2006) (finding no ineffective assistance where movant claimed that counsel coerced her into pleading guilty based on misrepresented facts about the case and sentencing because, inter alia, "[t]he court ... explained to her the maximum penalties and that the sentence imposed could be

9

different from any estimate given to her by her lawyer or anyone else.") (unpublished).[7] Accordingly, the Court finds Spinner's ineffective assistance of counsel claims are **DENIED**.

## VII. The Applicability of *Davis v. United States*

Spinner alleges that his conviction in Count One was conspiracy to commit a Hobbs Act Robbery and that a conspiracy is not a crime of violence, such that his Section 924(c) conviction is due to be reversed. Spinner is correct that conspiracy to commit a Hobbs Act violation is not a crime of violence. See Brown v. United States, 942 F.3d 1069, 1075 (11th Cir. 2019) (holding that conspiracy to commit Hobbs Act robbery is not a crime of violence). The Supreme Court in Davis struck down the residual clause of Section 924(c)(3)(B) as unconstitutionally vague. Davis, 139 S.Ct. at 2336. Thereafter, the Eleventh Circuit explained that in light of Davis, for a Section 924(c) conviction to survive, the predicate offense must qualify as a crime of violence pursuant to Section 924(c)(3)(A)'s elements clause. Brown v. United States, 942 F.3d at 1075. In Brown v. United States, decided after Spinner was convicted and sentenced, the Eleventh Circuit held that conspiracy to commit a Hobbs Act robbery does *not* qualify as a crime of violence under the elements clause. Id. at 1076. Consequently, Section 924(c) offenses predicated on conspiracy to commit Hobbs Act robbery cannot survive. Id.

If Spinner can show that his Section 924(c) conviction was based on a conspiracy to commit Hobbs Act robbery, he would be actually innocent; thus, he could overcome the procedural

---

[7] Nor can Spinner assert that an error in sentence estimation rendered his plea involuntary. See United States v. Pease, 240 F.3d 938, 940–41 (11th Cir. 2001) (rejecting argument by defendant who received an enhanced sentence as a career offender that his plea was not knowing and voluntary because court advised him that he faced a statutory maximum of life and despite counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years); United States v. Harmon, 139 F.3d 899 (5th Cir. 1998) (finding that the defendant could not "claim that his guilty plea was involuntary based upon his attorney's erroneous prediction about the length of the sentence"); United States v. Stumpf, 827 F.2d 1027, 1030 (5th Cir. 1987); Daniel v. Cockrell, 283 F.3d 697 (5th Cir. 2002) ("A guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence… a guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate prediction…").

default. See Granda, 990 F.3d at 1286 (citations omitted) (holding, *inter alia*, that Granda was unable to establish factual innocence because he was unable to "show that his § 924(o) conviction was in fact based on the conspiracy-to-rob predicate."). Specifically, the error would be jurisdictional and thus not procedurally barred. See United States v. Peter, 310 F.3d 709, 715 (11th Cir. 2002) ("The problem is…the Government affirmatively alleged a specific course of conduct that is outside the reach of the mail fraud statute. Peter's innocence of the charged offense appears from the very allegations made in the superseding information, not from the omission of an allegation requisite to liability. In this circumstance, the rule of *Meacham,* that a district court lacks jurisdiction when an indictment alleges only a non-offense, controls. The district court had no jurisdiction to accept a plea to conduct that does not constitute mail fraud, and the doctrine of procedural default therefore does not bar Peter's present challenge."). The analysis of procedural default is inextricably intertwined with the merits, so the Court considers first whether Spinner has established that the predicate crime for the Section 924(c) charge was conspiracy to commit a Hobbs Act violation.

In its response, the United States specifically stated that Count One charged a conspiracy to commit a Hobbs Act violation. (Doc. 80 at 10-11). The United States argued that both the facts and the wording of the indictment supported this conclusion. Id. This conclusion is supported by the record; the Court concurs in that conclusion.

However, the United States also contends Davis is inapplicable. See e.g., (Doc. 80 at 10-13). Per the United States, Spinner's Section 924(c) conviction was not affected by Davis because Spinner admitted facts which would support that he aided and abetted the Hobbs Act Robbery, a violent crime (although the Section 924(c) did not reference this as the predicate violent crime). (Id. at 12). The United States relies on language in In re Navarro, 931 F.3d 1298, 1302 (11th Cir. 2019) ("We have held that a conviction under § 924(c) does not require that the defendant be

11

convicted of, or even charged with, the predicate offense."), arguing because the predicate crime need not be charged, the Court can look to the admitted facts to determine whether there is support for an underlying predicate crime. (Id. at 12-13). The United States misconstrues Navarro. In Navarro, the Court stated that the defendant need not be charged or convicted of the predicate crime that supports the Section 924(c) conviction. In re Navarro, 931 F.3d at 1302. This statement was in relation to the fact that Navarro did not plead guilty to the drug transactions that were, along with conspiracy to commit a Hobbs Act violation, identified as the predicate crimes to the Section 924(c) charge.[8] Navarro does not support the contention that a predicate crime different than the one identified in the indictment may be used to sustain a Section 924(c) conviction. Nor can the Section 924(c) charge be supported solely on Defendant's admission of facts that would support a crime of violence. See Langston v. United States, No. 15-20544-CR, 2020 WL 5536592, at *2 (S.D. Fla. Aug. 26, 2020), report and recommendation adopted, No. 15-CR-20544-KMW-2, 2020 WL 5535350 (S.D. Fla. Sept. 15, 2020) (rejecting the government's argument that the Court could rely on the "uncontested facts in the factual proffer and PSI [to] demonstrate that [movant] committed substantive Hobbs Act robbery, and [thus] establish [his] guilt as to [the] § 924(c) charge.") (citing Brown v. U.S., 942 F.3d 1069 (11th Cir. 2019). Therefore because Spinner was convicted of conspiracy to commit Hobbs Act robbery, his Section 924(c) conviction (Count Two) premised on that crime (Count One), is invalid and must be vacated.

### VIII. Conclusion

For the reasons stated herein, Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 70) is **DENIED in part** and **GRANTED in part**. Spinner's conviction of Count Two is

---

[8] "[T]he indictment specified Navarro's § 924(c) charge was predicated on both conspiracy to commit Hobbs Act robbery, as charged in Count One, and drug-trafficking crimes, as charged in Counts Two and Three." In re Navarro, 931 F.3d 1298, 1299 (11th Cir. 2019)

vacated. A resentencing hearing is set for **September 10, 2021 at 11:00 a.m.** in Courtroom 4B of the United States Courthouse 155 Saint Joseph St., Mobile, Alabama.[9] Spinner is ordered to file a sentencing memorandum by **September 3, 2021.** Any response should be filed by **September 8, 2021.**

Upon consideration, Spinner's motion for appointment of counsel (Doc. 132) is **GRANTED.** Pursuant to 18 U.S.C. § 3006A(a)(2)(b), it is **ORDERED** that Jason Darley, a member of the Criminal Justice Act Panel, is **APPOINTED** to represent Spinner.[10]

The United States Marshal Service is **DIRECTED** to produce Defendant John Spinner for this hearing.

**DONE** and **ORDERED** this the **30th day** of **July 2021.**

> s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**

---

[9] See United States v. Watkins 147 F.3d 1294, 1297 (11th Cir. 1998) ("In this case, the district court viewed Watkins's sentence as a "package" and took into account "the nature of the crime, certain characteristics of the criminal, and the interdependence of the individual counts." *United States v. Binford,* 108 F.3d 723, 728 (7th Cir.1997). The district court had jurisdiction to resentence Watkins on all counts when Count III was vacated because the sentencing package became "unbundled," and the district court had to recalculate and reconsider Watkins's sentence for it to comport with the district court's original intentions at sentencing. *Id.* at 728–29. In rare cases such as this one, where the district court is sentencing outside the guidelines range, it is particularly important that the district court have discretion to reevaluate the entire sentencing package.")

[10] Title 18, § 3006A of the *United States Code* allows for the appointment of counsel when the Court determines that the interests of justice so require and determines the movant is financially unable to obtain representation. Spinner previously submitted a financial affidavit establishing that he is unable to employ counsel and because the interests of justice so require, he will be appointed counsel for this resentencing hearing.